SUMMARY ORDER
Plaintiffs-appellants, Mahoney, the director of the Transport Workers Union Local 100 Retirees’ Association (the “Association”) and plan administrator of the Association’s Benefit Plan (the “Plan”), and Allman, Beaver, Ingram, Stuckey, Schier-man and Tarnowski, individual participants in the Plan, appeal the June 30, 2008 opinion and order of the United States District Court for the Southern District of New York (Marrero, J.) denying appellants’ motion for partial summary judgment and granting summary judgment to appellees, JJ Weiser, an insurance brokerage firm, Gluck and Cohen, two of JJ Weiser’s officers, and Fitzpatrick and Meehan, former directors of the Association. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review, and merely note that appellants complain of various violations of the Employee Retirement Income Seeuiity Act (“ERISA”). See 29 U.S.C. §§ 1104-06.
We review a grant of summary judgment de novo, examining the facts in the light most favorable to the non-moving party and resolving all factual ambiguities in that party’s favor. Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Edue., 444 F.3d 158, 162 (2d Cir.2006). The existence of a fiduciary relationship is on the merits, a mixed question of law and fact, however, where the facts are not disputed, it is a pure question of law. See LoPresti v. Terwilliger, 126 F.3d 34, 39 (2d Cir.1997).
Upon review, we conclude that summary judgment is appropriate on appellants’ claim that JJ Weiser was a fiduciary of the Plan and breached its duties. Our case law makes clear that “ ‘a person may be an ERISA fiduciary with respect to certain matters but not others, for he has that status only ‘to the extent’ that he has or exercises the described authority or responsibility.’ ” Harris Trust and Sav. Bank v. John Hancock Mut. Life Ins. Co., 302 F.3d 18, 28 (2d Cir.2002) (emphasis added) (quoting F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1259 (2d Cir.1987)). As the quoted language indicates, this rule applies even when a plaintiff claims that an entity is a fiduciary by virtue of the fact that it “exercises ... authority or control respecting management or disposition of its assets.” 29 U.S.C. § 1002(21)(A)(i); see 1 Ronald J. Cooke, Erisa Praotioe & Procedure § 6:2 at 6-28 (2d. ed. 2006) (“It is essential to emphasize that a person or entity is a fiduciary only to the extent that he, she, or it is engaged in any of the functions which confer fiduciary status.” (footnote omitted)). Thus, to survive summary judgment, appellants must show that there is an issue of fact as to whether JJ Weiser had any control over management and disposition of premium payments, see LoPresti, 126 F.3d at 39 (“It is undisputed that the employees’ contributions to the Funds, ... were plan assets governed by ERISA.”), and that it breached its duty with respect to such premium payments.
As noted by the district court, the only allegations in the complaint pertaining to *49 such authority or control are that Weiser “determined or effectively recommended” the amounts paid and collected for premiums. However, “there is an absence of evidence to support” this conclusory claim. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That premium payments were made to JJ Weiser by the Association or by its members through credit card payments cannot by itself support a finding that JJ Weiser determined the amounts paid and collected for premiums, or had the authority to force the Association to accept its determinations of premiums due. Nor does the Association’s mere acceptance of a recommendation to purchase insurance do so. See Srein v. Soft Drink Workers Union, Local 812, 93 F.3d 1088, 1096 (2d Cir.1996); cf. United States v. Glide, 142 F.3d 520, 527-28 (2d Cir.1998) (“[T]he mere deduction of an agent’s commission from welfare fund assets does not, in itself, create a fiduciary relationship between the agent and the fund.”).
Having affirmed the grant of summary judgment to JJ Weiser, we do the same as to its officers, Gluck and Cohen.
We now turn to appellants’ claims that the Association’s former directors, Fitzpatrick and Meehan, failed to “discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries” and “with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.” 29 U.S.C. § 1104(a)(1)(B). We concur with the district court that there are genuine issues of fact as to whether Fitzpatrick and Meehan were fiduciaries of the Plan. However, we also agree with the court that appellants have not raised a genuine issue of fact as to whether Fitzpatrick and Meehan breached this alleged duty by renewing the policy and failing to demand a rebate or refund for the excess premiums. We do so because the record reflects that: (1) the former directors conducted some, albeit, informal searches, for alternative sources of insurance and were told that there was nothing available at the prices they sought and that they were “lucky” to have the policy now at issue, and (2) appellants do not claim that any such other insurance policy existed or currently exists that would have provided greater benefits for lower premiums. See Silverman v. Mut. Ben. Life Ins. Co., 138 F.3d 98, 103 (2d Cir.1998) (concluding that plan administrator had no duty of inquiry pursuant to § 1104(a)(1)(B) where it had no reason to be suspicious). Appellants’ claim of breach of fiduciary duty cannot stand solely on their claim that Fitzpatrick and Meehan failed to consider and adopt self insurance, a regime under which the Association bears the entire risk. Nor do Fitzpatrick and Meehan’s failure to demand a rebate or refund for the payment of excessive premiums, raise an issue as to breach since appellants have not demonstrated that they had a right to request and obtain such relief.
We affirm the grant of summary judgment on appellants’ claims that appellees engaged in prohibited transactions because appellants failed to raise a genuine issue as to the reasonableness of JJ Weiser’s compensation insofar as the evidence they put forward does not establish that JJ Weiser’s compensation was unreasonable in view of the services it provided, i.e., its services both as insurance agent and third party administrator.
Finally, we affirm the district court’s grant of summary judgment on appellants’ allegations of self-dealing because there is no evidence in the record to support a finding that appellees dealt with the assets of the plan for their own account. *50 See Harris Trust and Sav. Bank, 302 F.3d at 26. The only non-conclusory evidence of a potentially improper payment is a 1991 contribution to the campaign of Sonny Hall, then President of Local 100, not Fitzpatrick or Meehan. And, while JJ Weiser admitted to making contributions to the Association, there is no basis, beyond speculation, upon which to conclude that those contributions were made with the Plan’s assets, or that Fitzpatrick and Meehan themselves benefited from those contributions.
We have considered all of appellants’ other arguments and conclude that they are without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.